UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

RUDISON GARCIA, on his
own behalf and on behalf of
those similarly situated,

                                  CASE NO.:

    Plaintiffs,

vs.

UNITED LOCATING
SERVICES, LLC, and UNITED
LOCATING SERVICES OF
TEXAS, LLC,

    Defendants.        /

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(Collective Action Complaint)**

Plaintiff, RUDISON GARCIA, on his own behalf and on behalf of those similarly situated ("Plaintiff and the Putative Class Members"), were employees of Defendants, UNITED LOCATING SERVICES, LLC, and UNITED LOCATING SERVICES OF TEXAS, LLC (jointly referred to as "Defendants" or "United Locating Services"), and bring this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

1

## INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires the payment of overtime compensation whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum

standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5.  To the extent any partial payments have been made by Defendants to Plaintiff and the Putative Class Members of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and the Putative Class Members and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

6.  The Defendants in this case violated the FLSA by failing to pay Plaintiffs and other similarly-situated "Utility Locators" complete overtime compensation for all of their hours worked over forty (40) each week.

7.  This action is intended to include each and every "Utility Locator" who performed services for Defendants at any time within the past three (3) years.

**PARTIES**

8.  Plaintiff worked for Defendants in Texas as a Utility Locator from approximately February 11, 2022 to October 12, 2023.

9.  At all times material hereto, UNITED LOCATING SERVICES, LLC was a Montana Limited Liability Company with its principal place of

business in Missoula, Montana, employing workers and doing business throughout the state of Montana, including in this district.

10. At all times material hereto, UNITED LOCATING SERVICES OF TEXAS, LLC was a Montana Limited Liability Company with its principal place of business in Missoula, Montana.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

12. Defendants, UNITED LOCATING SERVICES, LLC and UNITED LOCATING SERVICES OF TEXAS, LLC, have their principal place business in Missoula, Montana. Therefore, venue is proper in the District of Montana, Missoula Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

13. At all material times hereto, Defendants, UNITED LOCATING SERVICES, LLC and UNITED LOCATING SERVICES OF TEXAS, LLC, were and continue to be, enterprises covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

14. At all material times hereto, Defendants, UNITED LOCATING SERVICES, LLC and UNITED LOCATING SERVICES OF TEXAS, LLC, were and continue to be an "employer" as defined by 29 U.S.C. § 203(d).

15. Based upon information and belief, Defendants, UNITED LOCATING SERVICES, LLC and UNITED LOCATING SERVICES OF TEXAS, LLC, each had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

16. At all material times hereto, Defendants, UNITED LOCATING SERVICES, LLC and UNITED LOCATING SERVICES OF TEXAS, LLC, have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two (2) or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. vehicles, telephones, tools, equipment and/or office supplies).

17. Therefore, Defendants, UNITED LOCATING SERVICES, LLC and UNITED LOCATING SERVICES OF TEXAS, LLC, are each an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FACTUAL ALLEGATIONS

18. Defendants are in the business of providing utility locating services.

19. In carrying out its business, Defendants employ Utility Locators whose primary job duty is to pinpoint the paths of cables, pipes and other conduits that carry utilities underground.

20. Defendants employ Utility Locators to carry out this service to Defendants' customers in Montana, Minnesota, Oklahoma, South Dakota, and Texas.

21. At all times material hereto, Plaintiff and the Putative Class Members were employed by Defendants within the meaning of the FLSA.

22. Plaintiff the Putative Class Members were all paid on a "piece rate" basis and performed similar utility locator duties for Defendants.

23. Plaintiff and the Putative Class Members worked more than forty (40) hours per week in one or more weeks. As a result, Plaintiff and the

Putative Class Members were entitled to overtime compensation for each overtime hour worked.

24. However, Plaintiffs and the Putative Class Members did not receive all overtime compensation due to several systematic illegal pay practices employed by Defendants.

25. Pursuant to 29 C.F.R. § 778.111, "[w]hen an employee is employed on a piece-rate basis, the regular hourly rate of pay is computed by adding together total earnings for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions). This sum is then divided by the number of hours worked in the week for which such compensation was paid, to yield the pieceworker's "regular rate" for that week. For overtime work the pieceworker is entitled to be paid, in addition to the total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week."

26. Here, Defendants failed to pay Plaintiff and the Putative Class Members all piece rate payments owed. Thus, when calculating overtime compensation due, this pay practice causes reduced "total earnings for the

workweek" which artificially deflates the employee's "regular rate" and causes less overtime compensation to be paid.

27. Additionally, in carrying out their work-related duties, Plaintiff and the Putative Class Members operate(d) a vehicle owned by Defendants.

28. Defendants deducted $30.00 per paycheck from Plaintiff and Putative Class Members' pay for usage of a company vehicle. *See* example of Plaintiff Garcia's paystub, attached as **Exhibit 1**.

29. Because the cost of furnishing the vehicle is/was primarily for the benefit or convenience of Defendants, Defendants are not permitted to deduct those costs from Plaintiff and Putative Class Members' pay lest an overtime violation results. *See* 29 C.F.R. § 531.3(d)(1) ("The cost of furnishing "facilities" found by the Administrator to be primarily for the benefit or convenience of the employer will not be recognized as reasonable and may not therefore be included in computing wages").

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs and the Putative Class Members performed the same or similar job duties as one another in that they performed duties as Utility Locators on behalf of Defendants.

31. Plaintiff and the Putative Class Members were all hired by Defendants to perform utility locating services.

32. Plaintiff and the Putative Class Members were all paid on a piece rate basis for work performed.

33. Plaintiff and the Putative Class Members each worked more than forty (40) hours per week in one or more weeks.

34. Plaintiff and the Putative Class Members all operated a company vehicle in carrying out their job duties for Defendants.

35. Plaintiff and the Putative Class Members were subject to the same pay policies and practices including Defendants' practice of failing to pay all piece rate payments and its policy of deducting vehicle costs from Plaintiff and Putative Class Members' pay. Thus, the Putative Class Members are owed overtime wages for the same reasons as Plaintiff.

36. Defendants' failure to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from the same uniform policies and practices, applicable to all putative class members herein.

37. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

9

Rather, the same policies and practices which resulted in the non-payment of overtime to Plaintiffs applies to all class members.

38. Accordingly, the class members are properly defined as:

> **All Utility Locators who worked for Defendants within the last three (3) years worked in excess of forty (40) hours in one or more workweeks.**

39. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime with respect to Plaintiff and the Putative Class Members.

40. Defendants knew that failing to pay all piece rate pay artificially deflated the amount of overtime compensation due to Plaintiff and the Putative Class Members.

41. Moreover, Defendants knew that vehicle costs incurred for the benefit and convenience of Defendants are not permitted to be deducted from Plaintiff and the Putative Class Members' overtime compensation.

42. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

43. Defendants did not have any good faith basis for its failure to pay all piece rate pay owed and/or its decision to deduct vehicle costs from Plaintiff and Putative Class Members' pay.

44. Defendants have acted willfully in failing to pay Plaintiffs and the Putative Class Members in accordance with the law.

## **COUNT I - RECOVERY OF OVERTIME COMPENSATION**

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-44 above as though fully stated herein.

46. Plaintiff and the Putative Class Members are entitled to be paid overtime compensation for each hour worked in excess of forty (40) per workweek.

47. During their employment with Defendants, Plaintiff and the Putative Class Members regularly worked overtime hours, but were not paid all overtime compensation due.

48. As a result, Plaintiff and the Putative Class Members did not earn proper overtime compensation for all hours worked in excess of forty (40) hours per week during one or more workweeks contrary to 29 U.S.C. §207 of the FLSA.

49. Defendants willfully failed to pay overtime compensation for these hours contrary to 29 U.S.C. §207.

50. Defendants failed to properly disclose or apprise Plaintiff and the Putative Class Members of their rights under the FLSA.

51. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff and the Putative Class Members all overtime compensation due for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff and the Putative Class Members have suffered damages, plus incurring reasonable attorneys' fees and costs.

52. As a result of Defendants' willful violation of the FLSA, Plaintiff and the Putative Class Members are entitled to liquidated damages.

53. Plaintiff and the Putative Class Members are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated Utility Locators respectfully requests that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice

pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

a. Awarding Plaintiff, and those similarly situated, their unpaid overtime wages;

b. Awarding liquidated damages in an amount equal to the overtime wage award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees, expert fees, and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:  April 30, 2024

**/s/ TIMOTHY C. FOX**
Timothy C. Fox, Esq.
MT Bar No. 1742
Morgan & Morgan, P.A.
6 Arrowhead Lane
Clancy, MT 59634
T: (689) 219-2220
C: (406) 439-2609
E: tfox@forthepeople.com
*Local Counsel*

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq. (*Pro Hac Vice forthcoming*)
FL Bar No. 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
T: (407) 420-1414
F: (407) 245-3401
E:  RMorgan@forthepeople.com

*Trial Counsel for Plaintiff and Class Members*