Jeffrey M. Roth
CROWLEY FLECK PLLP
305 S. 4th Street E., Suite 100
Missoula, MT 59801-2701
Telephone: (406) 523-3600
jroth@crowleyfleck.com

*Attorney for CCS Enterprises, LLC,
and United Locating Services of
Texas, LLC*

Timothy C. Fox, Esq.
MORGAN & MORGAN, P.A.
6 Arrowhead Lane
Clancy, MT 59634
Telephone: (689) 219-2220
tfox@forthepeople.com

C. Ryan Morgan, Esq.
MORGAN & MORGAN, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32801
Telephone: (407) 420-1414
rmorgan@forthepeople.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| RUDISON GARCIA, Individually and For Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CCS ENTERPRISES, LLC and UNITED LOCATING SERVICES OF TEXAS, LLC, <br><br> Defendants. | 9:24-CV-00057-DLC <br><br> **JOINT MOTION TO APPROVE FLSA SETTLEMENT** |

Plaintiffs Rudison Garcia, Jeff Burton, Brandon Johnson, and Joel Lamon (collectively, "Plaintiffs") and Defendant CCS Enterprises, LLC and United Locating Services of Texas, LLC (collectively, "Defendants"), by and through their respective counsel, jointly move this Court for approval of their settlement of this

1

case.  The motion is based on the following memorandum in support of the motion:

## I.    INTRODUCTION

The Parties file this joint motion to approve their Fair Labor Standards Act ("FLSA") settlement and dismiss the action.  The Parties agree that the settlement is a fair and reasonable resolution of the underlying dispute.

This action was initiated on April 30, 2024, by Plaintiff Rudison Garcia and later amended on June 5, 2024.  Plaintiff Garcia was employed by Defendant as a Utility Locator between February 2022 and October 2023.  Plaintiff Garcia brought this action on behalf of himself and on behalf of putative collective action members employed by United Locating Services of Texas, LLC ("ULS") on a piece rate basis. Plaintiff Garcia alleges that, while he was employed on a piece rate basis, he and those similarly situated to him were not paid all piece rate and overtime wages owed due to timecard correction audits and payroll deductions for personal use of the company's vehicles.  Between July 2024 and August 2024, three additional plaintiffs – Jeff Burton, Brandon Johnson, and Joel Lamon – opted into Garcia's action.

Plaintiffs allege that revisions made to their timecards during their employment were improper and resulted in a loss of piece rate and overtime wages. Plaintiffs further alleged that the three dollar ($3.00) per day deduction for use of the company's vehicles was impermissible and resulted in lower wages.  Following a detailed review of Plaintiffs' timecard revisions, Defendants explained to Plaintiffs

2

that the revisions made to their timecards were to correct for inaccuracies inputted by Plaintiffs when they recorded their pieces each day, and that the vehicle deductions were pursuant to IRS regulations. *See* Treas. Reg. §§ 1.61-21(b)(1), (f)(3). In short, Defendants contend the piece rate and overtime wages paid to Plaintiffs were calculated properly and paid in accordance with the FLSA, even though the corrections made to the Plaintiffs' timecards were not noted on each paystub.

The Parties have since agreed to settle all claims brought by the four Plaintiffs[1]. Under the Settlement Agreement (a true and correct copy of which is attached hereto as **<u>Exhibit A</u>**), Defendants will pay gross amount of thirty-seven-thousand two hundred fifty dollars and no cents ($37,250.00) to resolve Plaintiffs' claims (including their claim to recover attorneys' fees and costs). Plaintiffs will receive a total of seven thousand dollars and no cents ($7,000.00), with the specific amount paid to each Plaintiff based on his length of service with Defendants during the applicable limitations period and the potential damage analysis for each Plaintiff. Defendants will also pay Plaintiffs' Counsel a total of thirty-thousand two hundred fifty dollars and no cents ($30,250.00) for attorneys' fees and costs, which was negotiated separately from the amounts for the Plaintiffs.

Here, if Plaintiffs succeeded completely on their claims based on their theories

---

[1] Plaintiffs have not filed a motion for collective action certification in this case.

(which Defendants dispute), Plaintiff Garcia would be owed $2,850.69 in overtime wages (plus potential liquidated damages); Plaintiff Burton would be owed $758.76 in overtime wages (plus potential liquidated damages); Plaintiff Johnson would be owed $1,480.33 in overtime wages (plus potential liquidated damages); and Plaintiff Lamon would be owed $484.21 in overtime wages (plus potential liquidated damages).   Defendants dispute Plaintiffs are owed any amounts and vehemently disagree that Plaintiffs are entitled to any liquidated damages whatsoever.   However, to resolve this matter, Defendants agreed to pay the following amounts to the four Plaintiffs: $1,789.99, plus an equal amount in liquidated damages, to Plaintiff Garcia; $476.44, plus an equal amount in liquidated damages, to Plaintiff Burton; $929.52, plus an equal amount in liquidated damages, to Plaintiff Johnson; and $304.05, plus an equal amount in liquidated damages, to Plaintiff Lamon.   These payments represent approximately 63% of Plaintiffs' best day in Court and include full liquidated damages.   The Parties believe this is a fair and reasonable result given the disputes described above and below.

In exchange for these monetary awards and the other consideration detailed in the Parties' Settlement Agreement, Plaintiffs will release CCS Enterprises, LLC and United Locating Services of Texas, LLC from the following: all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown against Releasees for alleged unpaid wages, liquidated

or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution, or any other compensation and relief arising under the FLSA or state wage laws applicable to the work performed for CCS Enterprises, LLC and United Locating Services of Texas, LLC during the relevant period.

## II.    LEGAL STANDARD AND ANALYSIS

### A. The Settlement is Fair and Reasonable and Should be Approved by the Court.

The Court may enter a stipulated judgment after determining that the proposed settlement agreement proposes a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Seiffert v. Qwest Corp.*, No. CV 18-70-GF-BMM, 2020 U.S. Dist. LEXIS 144634, at *1-2 (D. Mont. Aug. 12, 2020). Approving fair and reasonable resolutions of bona fide FLSA disputes "promote[s] the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

Approval of the settlement of Plaintiffs' FLSA claims is appropriate. There is a bona fide dispute between the parties as to whether and to what extent Plaintiffs worked, and went uncompensated for, during their employment with ULS.

Plaintiffs claim that they were not paid at the proper piece and overtime rates and seek recovery of all alleged unpaid wages. Defendants dispute that any wages are owed. Defendants contend the wage statements and additional documents they

provided to Plaintiffs demonstrate that Plaintiffs were paid piece rate and overtime wages at the correct rate, and that all revisions to Plaintiffs' timecards were to ensure they accurately captured all piece work performed by Plaintiffs. Defendants further contend that the deductions made for personal use of the company's vehicles was proper pursuant to pursuant to Treas. Reg. §§ 1.61-21(b)(1), (f)(3).

The Parties have reached and bargained for a settlement in the total amount of thirty-seven-thousand two hundred fifty dollars and no cents ($37,250.00) to avoid the costs and burdens of continuing to litigate this dispute. This is an excellent result for the Plaintiffs as explained above. Further, if litigation were to continue, the Parties would likely expend significant resources due to the complexity and likely duration of the litigation. In the short term, and in the absence of a settlement, the Parties would soon engage in briefing on the motion to transfer to the Western District of Texas, which Defendants planned to file, and on Plaintiffs' motion to certify a collective action, which Defendants would oppose due to the highly individualized, requisite analysis of each putative collective action member's timecards. And there would undoubtedly be extensive future work to continue including dispositive motions, depositions, written discovery, associated discovery disputes, pretrial motions, trial, and potential appellate issues.

The Parties represent that the settlement is a fair and reasonable resolution of this dispute. Accordingly, the Court should approve the settlement to "promote the

policy of encouraging settlement litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

**B. The Attorneys' Fees Should be Approved by the Court.**

The FLSA's fee-shifting provision requires employers, including those that settle cases, to pay the employees' reasonable attorneys' fees and costs in having to bring a lawsuit to recover her unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action.") (emphasis added); *Newhouse v. Robert's Ilima Tours, Inc.*, 708 F.2d 436, 441 (9th Cir. 1983) ("The FLSA grants prevailing plaintiffs a reasonable attorneys' fee."). And fees negotiated by the parties at arm's length carry a presumption of reasonableness:

> The fee was negotiated at arm's length with sophisticated defendants by the attorneys who were intimately familiar with the case, the risks, the amount and value of their time, and the nature of the result obtained for the class. Where there is such arm's length negotiation and there is no evidence of self-dealing or disabling conflict of interest, the Court is reluctant to interpose its judgment as to the amount of attorneys' fees in the place of the amount negotiated by the adversarial parties in the litigation.

*In re First Capital Holdings Corp. Fin. Prods. Secs. Litig.*, MDL No. 901, 1992 WL 226321, at *4 (C.D. Cal. June 10, 1992), appeal dismissed, 33 F.3d 29 (9th Cir. 1994).

Moreover, attorneys' fee awards in FLSA and other socially beneficial cases

are not measured in relation to the underlying monetary relief obtained for the plaintiffs. *See Quesada v. Thomason*, 850 F.2d 537, 540 (9th Cir. 1988); *see, e.g., Int'l Bhd. of Carpenters & Joiners of Am., AFL-CIO, Local Union No. 217 v. G.E. Chen Constr., Inc.*, Nos. 03-17379, 04-16013, 136 Fed. Appx. 36, at *2 (9th Cir. May 11, 2005) (upholding attorneys' fee award of more than $200,000 in action where the plaintiff's individual recovery was less than $50,000); *Morales v. City of San Rafael*, 96 F.3d 359, 362–64 (9th Cir. 1996) (reversing $20,000 attorneys' fee award where counsel had requested nearly $140,000 in fees, because it appeared to the Ninth Circuit that the district court was improperly trying to limit the fee award based on the size of the plaintiff's award). Thus, in FLSA cases, an award of "reasonable" attorneys' fees and costs is mandatory and is not measured against the size of Plaintiff's recovery.

Here, the Parties negotiated the amount of attorneys' fees and costs separate and apart from the amounts being paid to the Plaintiffs. As such, this Court should find that the attorneys' fees and costs are reasonable. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (noting that when "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without

separately considering the reasonableness of the fee to be paid to plaintiff's counsel.")  In this case, considerable work was done to achieve this settlement.  This matter was filed over a year ago, and the Parties have had extensive discussions regarding these claims, numerous Zoom calls discussing the facts and legal theories, the exchange of large amount of information for each Plaintiff and potential collective member, damage analysis and models performed by Plaintiff's Counsel to determine the potential overtime wages owed, numerous telephone conferences with each Plaintiff to discuss the facts, legal analysis and damages, and drafting of the pleadings in this matter and settlement documentation.[2]

As such, this Court should find the separately agreed upon attorneys' fees and costs reasonable.

## III.    CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant the Motion to Approve the FLSA Settlement and dismiss Plaintiffs' complaint with prejudice.

---

[2] Plaintiff's Counsel also has approximately 300 emails for this case in this matters Outlook folder.  At just a 0.1 time entry per email, this would be 30 hours of time alone, and several of the emails are quite lengthy in nature.

Respectfully submitted this 17th day of June 2025.

MORGAN & MORGAN, P.A.

By:    /s/ C. Ryan Morgan
       C. Ryan Morgan
       MORGAN & MORGAN, P.A.
       20 N. Orange Ave., 15th Floor
       Orlando, FL 32801
       Telephone: 407-420-1414
       rmorgan@forthepeople.com


       /s/  Timothy C. Fox
       Timothy C. Fox
       MORGAN & MORGAN, P.A.
       6 Arrowhead Lane
       Clancy, MT 59634
       Telephone: 689-219-2220
       tfox@forthepeople.com

       *Attorneys for Plaintiffs*

       CROWLEY FLECK PLLP

By: /s/ Jeffrey M. Roth
       Jeffrey M. Roth
       CROWLEY FLECK PLLP
       305 South 4th Street East, Suite 100
       Missoula, MT 59801
       Telephone: 406-523-3600
       jroth@crowleyfleck.com

       *Attorney for Defendants CCS
       Enterprises, LLC, and United
       Locating Services of Texas, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 17, 2025, I filed the above with the Court's

CM/ECF system, which will send notice to each party.

*/s/ C. Ryan Morgan*
C. Ryan Morgan
